Johnson, J.
delivered the opinion of the Court.
1st By an act of the Legislature, real estate, quoad hoc, is put on the same footing with personal, and a plaintiff has the same right to have his judgment levied as well of the one as the other. An execution is the process which the law gives to enforce a judgment, and ought to pursue the law. It is a remedy which a plaintiff has a right to ask of the Court, and which the Court is bound to extend to him to the utmost extent of the law. The omission, therefore, of the words, “ lands and tenements, &c.” in the execution in the case of Williams vs. Robertson, *325 is clearly a clerical mistake: considering it, therefore, as the act of the Court, and not of the party, I should be disposed to think, if it were necessary, that the Court would even at this day' entertain a motion to amend it, so as to render it consistent with, and make it as efficient as the law itself.
2d. The case of Sims vs. Randall — 2 Bay, 524— is relied on as a case in point in support of the second ground. This case, however, differs from that in one very important point. It appears from a manuscript note of that case, with a view of which my brother Bay has' been good enough to indulge me, that this case is distinguished from that by the important fact, that the levy there was not made until after the day on which the execution was made returnable, An execution gives power to the sheriff to do a particular act within a limited time; and it appears to me, that when he has once entered on the execution of that power, there can be no good reason why he should forbear until the object of it is fully attained. I am, therefore, of opinion, that where a levy has. been regularly made, the sheriff may in all cases proceed to close the execution by a sale, notwithstanding the day of sale is subsequent to the day on which the execution is returnable, where the levy has been made before.
On the 3d ground, however, I am of opinion» the motion for a new trial ought to be granted. *326 There are cases in which the presumption of ordinary deeds of conveyance, and even a grant, the most solemn of all deeds, may be authorized. Phillips’ Evid. 119, Archer vs. Sadler ; 2 Hen. & Munf. 370; Lessee of Alston vs. Saunders; 1 Bay, 26. But that presumption is only authorized in favour of a possession of long standing, and when it is apparently bona fide. In this case, neither the plaintiff nor any one individual, through whom he derives title, was ever in the possession — as well, therefore, might a presumption in his favour extend to any other tract of land in the state as to the one in question.
It has been assumed, as a ground in the argument in this case, that the plaintiff ought to be favoured in consequence of his claiming under a sheriff’s title, and cannot be presumed to make out a regular chain of title. Great indulgence is, and ought to be extended to persons claiming unde.r a sheriff’s deed, as in most cases a forlorn debtor continues his hostility even to those who purchase his property; but I think it is sufficient, that such a title is conclusive between the purchaser and the parties to the suit, and those claiming under them. But between a purchaser and a stranger, I can see no good reason why the rule, that a plaintiff must recover on the strength of his own title, and not the weakness of his adversary’s, should not apply with all its force. To vary this rule in favour *327 of persons claiming under sheriff’s titles generally, would have the effect of subjecting the property of every man, who had not the most perfect title to it, indiscriminately to the ment of the demands of any creditor against his debtor, however fair and honourable the possession might be, and however disconnected the possessor might be with the debtor*.
Prioleau, for the motion.
Payne, contra.
The other Judges concurred, except Cheves, J. who gave no opinion, having been concerned in the case.

 There were two other grounds made in the Brief in this case, which related to the insufficiency of the proof of the identity of the land, and the fact of a trespass; but the Court were so clearly of opinion, that they were untenable, that it was thought unnecessary to remark upon them.